UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
JARROD COLACINO,

                              Plaintiff,

            -against-

CRABBY JOE'S, INC., et al.,

                              Defendant.
------------------------------------------------------------------------X

<u>MEMORANDUM OPINION</u>
and ORDER

CV 04-2117 (JS) (ETB)

This civil rights action commenced on May 20, 2004 with the filing of a summons and complaint. Discovery completion was set at May 31, 2005. <u>See</u> order, dated November 19, 2004.

Plaintiff seeks damages against the defendant, Paddy McGee's, a bar/restaurant in Island Park, and against the County of Nassau. This action appears to arise from an alleged incident on July 14, 2002, when the plaintiff was forceably removed from the bar and assaulted by bar/restaurant personnel. Plaintiff seeks damages against Paddy McGee's for assault and battery (First Cause of Action); intentional infliction of emotional distress (Second Cause of Action); negligence (Third Cause of Action); and punitive damages (Fourth Cause of Action).

Plaintiff further alleges that unnamed Nassau County police officers also beat him on the same date. Thus, plaintiff seeks to hold the County of Nassau liable for negligence (Fifth Cause of Action); intentional infliction of emotional distress (Sixth Cause of Action); punitive damages (Seventh Cause of Action); and for deprivation of plaintiff's civil rights (no specific right is identified) (Eighth Cause of Action).

Discovery was extended to September 30, 2005. <u>See</u> order, dated May 24, 2005. The

court further noted that there would be no further "good cause" extensions and referenced the parties to the initial scheduling order, dated July 9, 2004, at 2, No. 4 (which, in relevant part, provides: "No more than two extensions – not exceeding a total of 120 days – shall be granted based upon good cause. Any further modifications shall only be granted upon a showing of manifest injustice. Fed. R. Civ. P. 16(e))." Id.

In the extension order, dated May 12, 2005, the court further directed the filing of a joint pre-trial order on October 28, 2005 and a final conference on November 16, 2005.

Following the close of discovery, there has been a failure by the plaintiff to comply with the order to file a joint pre-trial order. This led to the admonition by the court on October 28, 2005 that plaintiff's failure to comply with the order of May 12, 2005 "will expose the plaintiff to sanctions, including the preclusion of witnesses and documents at trial." Endorsed order, dated October 28, 2005. By letter application, plaintiff requested an extension of the time to file a joint pre-trial order because (1) plaintiff's counsel had "incurred a foot fracture," correspondence of Frank C. Panetta, Esq., dated October 28, 2005 at 1, and (2) plaintiff had not "had the benefit of deposing one of our key witnesses. . ." due to the fault of the County Attorney's office. Id. Additionally, counsel requested an order compelling the defendants to turn over "all one hundred and fifty case reports . . . from Memorial Day to Labor Day at the North Long Beach/Island Park "club detail." No prior demand for these documents or response by the County was annexed to this request.

The court endorsed that correspondence by order, dated November 1, 2005, stating that "Plaintiff's continued refusal to comply with the orders of May 12, 2005 and October 28, 2005 will expose the plaintiff and plaintiff's counsel to sanctions, including preclusion from calling

witnesses and introducing exhibits at trial. The pre-trial order shall be filed immediately on behalf of the plaintiff." Id.

The final conference occurred on November 16, 2005. No pre-trial order has been filed on behalf of the plaintiff. The plaintiff submitted no application in writing to the court since the order of November 1, 2005.

For the foregoing reasons, the plaintiff is hereby precluded from calling any witnesses at trial and from introducing any exhibits at trial unless a joint pre-trial order is filed on behalf of the plaintiff, consistent with Judge Seybert's individual rules, no later than Friday, November 18, 2005.[1]

The plaintiff's motion to compel further document production is denied on the ground that it is untimely. See scheduling order, dated July 9, 2004, which, in relevant part, states that "discovery must be served at least forty-five (45) days in advance of the discovery completion date to support a request for court intervention. Any motion for court intervention relating to discovery must be filed at least thirty (30) days prior to discovery completion." Id. at 2, No. 3. Discovery ended September 30, 2005. The reason for this rule is to avoid exactly what occurred here - a last minute flurry of activity at the end of the open discovery period to try to make up for the lack of discovery earlier. Here, the application is made more than a month after the completion of discovery.

The application to compel document production is also deficient for failure to provide a copy of the written demand for the records sought, as well as the defendants' response, if any.

---

[1] Plaintiff's counsel was so advised on the record at the conference held on November 16, 2005.

Lastly, even if the court were to address the merits, the request would be denied. In relevant part, the request to compel production states:

> In addition, we request that your Honor direct the County Attorney to turn over all one hundred and fifty case reports, approximately fifty per "season", or from memorial day to labor day at the North Long Beach/Island Park "club detail". The County is aware of what this entails. The County agreed to produce what it feels appropriate, pointing to sealings and other problems and stating that it would sift through the arrests and turn over what it deems appropriate. We have likened that to the expression "having the fox guard the henhouse". Originally, the County said there were no arrests at Island Park.
>
> This is perhaps the most ambitious matter and arguably the most interesting that this office has ever undertaken. The undersigned having worked at the County Attorney's office, listened to numerous police officers and resident arrestees tell their stories and discovered that a County Attorney, named Louis Chisari, Esq. was employed as a bouncer and beat our client up. We feel this matter is highly complex and requires a bit of indulgence from the Court. Hopefully, the payoff will make the public safer and prevent further physical altercations and abuses.
>
> We do want ALL records from two years prior to the plaintiff's incident and one year after. There were several incidents where we gave consultations to parties that were beaten in "Island Park" and we are sure that in order to avoid civil liability, the matters were disposed of with ACODs pursuant to 170.55 of the penal law and are therefore sealed. We need all said records as well. We do not want the censored version of the case reports. We want full disclosure.

Correspondence of Frank C. Panetta, Esq., dated October 28, 2005 at 1-2.

The request is vague in nature. Even if the County defendants are aware of what "case reports" or "club detail" consists of, it has not been made clear to the court. Moreover, there is no showing as to the relevance of such records to the discrete incident, which is the subject matter of this action.

For all of these reasons, the plaintiff's motion to compel the production of such reports, as well as the sealed state criminal court records of arrest, is denied on the basis of a lack of any showing of relevance, see Rule 26(b)(1) and (2), and on the further ground that such production would be overburdensome and that the expense of such discovery "outweighs its likely benefit," considering the nature of the issues involved in this action. See Rule 26(b)(2)(iii).

Lastly, the plaintiff's request for a further extension of discovery is denied. The application is made for the first time forty-five (45) days after discovery ended. See scheduling order, dated July 7, 2004 at 2, No. 4. Moreover, the plaintiff has failed to make any showing that such an extension is necessary to avoid a "manifest injustice." Id. As noted at the final conference, the parties, of course, are free to engage in discovery, without court intervention, on a voluntary basis.

The County defendants seek to file a motion for summary judgment. Defendants are directed to initiate their request for approval to file such a motion, consistent with Judge Seybert's individual rules, on or before January 16, 2006.

Lastly, discovery is certified as complete. This action is trial ready, subject to any dispositive motions that the parties may request leave to pursue.

SO ORDERED:

Dated: Central Islip, New York
      November 18, 2005

                                    /s/ E. Thomas Boyle
                                    E. THOMAS BOYLE
                                    United States Magistrate Judge